BARRY H. SPITZER, State Bar #161525
LAW OFFICE OF BARRY H. SPITZER
1007 7th Street, Suite 200
Sacramento, California 95814

Telephone: (916) 442-9002
Facsimile: (916) 442-9003

Attorneys for Chapter 7 Trustee
Michael Kasolas

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>KATHY E. HARWOOD-GRAVES,<br><br>                 Debtor. | CASE NO. 10-29921-D-7<br><br>D.C. NO. BHS-1<br><br>**MOTION FOR SALE OF ESTATE'S INTEREST IN BOOKKEEPING BUSINESS CLIENT LIST**<br><br>DATE: August 18, 2010<br>TIME: 10:00 a.m.<br>DEPT: D; COURTROOM 34<br>Hon. Robert S. Bardwil |

      Michael Kasolas, duly appointed Chapter 7 Trustee (hereafter the "Trustee") in the above-captioned matter, through his counsel, Barry H. Spitzer, moves this Court for authority to sell the Estate's interest in the Debtor's bookkeeping business client list pursuant to the provisions of 11 U.S.C. section 363(b) of the Bankruptcy Code to the Debtor for $5,000.00 to be paid in monthly installment payments over a ten (10) month period. The client list is valued by the Debtor $12,109.00 and she exempted $7,109.00 under California Code of Civil Procedure, section 703.140(b)(5). In support of his Motion, the Trustee states the following:

      1.    That the Debtor filed a Chapter 7 petition on April 16, 2010 and Movant was appointed as the Chapter 7 trustee of the estate of the above-named Debtors that day.

      2.    That the Debtors listed the fair market value of the Debtor's bookkeeping business client list as $12,109.00. The Trustee does not believe the Debtor's bookkeeping

1

business client list has any secured claims against it. The Debtors have exempted $7,109.00 of the Subject Property.

3. The Trustee wishes to sell the estate's interest in the Debtor's bookkeeping business client list to the Debtor for $5,000.00 to be paid in monthly installment payments over a ten (10) month period. The Trustee believes it is in the best interest of the estate to sell the estate's interest in the Debtor's bookkeeping business client list to the Debtor for $5,000.00. The Debtor has provided a $500.00 deposit to the Trustee which shall be non-refundable if the bid of the Debtor is accepted.

4. The Trustee requests that the Court only approve overbids presented at the hearing that meet the following criteria:

(a) Overbidding shall start at $5,500.00. The overbids shall be in minimum $500.00 increments.

(b) To qualify as a bidder, the bidder must bring to the Court a Cashier's Check or a certified check for $550.00. This Cashier's or certified check shall serve as a non-refundable deposit if the overbid is successful.

(c) The successful overbidder must deliver to the Trustee a Cashier's or certified check for the overbid amount within 48 hours of Court approval of the sale.

(d) Final payment is due within ten months of the order granting approval of the sale.

5. The Trustee seeks authority to execute any and all additional conveyances, assignments, schedules and other documents as may be necessary to consummate this sale.

6. The Trustee further seeks a waiver of the fourteen day waiting period imposed by Federal Rule of Bankruptcy Procedure, Rule 6004(h).

WHEREFORE, Michael Kasolas respectfully requests he be authorized to sell to the Debtor the estate's interest in the Debtor's bookkeeping business client list for $5,000.00, to be paid directly from escrow, subject to the existing liens and encumbrances, if any, pursuant to the provisions of section 363(b) of the Bankruptcy Code; and authority to

execute any and all additional conveyances, assignments, schedules and other documents as may be necessary to consummate this sale. The Trustee further seeks a waiver of the fourteen day waiting period imposed by Federal Rule of Bankruptcy Procedure, Rule 6004(h).

Respectfully submitted,

DATED: July 16, 2010

LAW OFFICE OF BARRY H. SPITZER

By: /s/ Barry H. Spitzer
BARRY H. SPITZER
Attorneys for Michael Kasolas,
Chapter 7 Trustee

## VERIFICATION

I, Michael Kasolas, hereby declare:

1. I am the duly appointed Trustee in the above-entitled Estate.

2. I have personal knowledge of the facts stated herein and if called as a witness, I could and would testify competently thereto.

3. I believe it is in the best interest of the estate to sell the estate's interest in the Subject Property to the Debtor for a sales price of $5,000.00. The proposed purchase price is the highest value the property will bring the estate. The sale will allow for the orderly liquidation of the estate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on July 16, 2010 at San Francisco, California.

Michael Kasolas, Trustee